IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LYNN SCUDDER, ACTING UNDER POWER OF ATTORNEY, GIVEN BY RUBY JO SCUDDER <br><br> Plaintiff, <br><br> v. <br><br> MCLP ASSET COMPANY, INC. <br><br> Defendant. | § § § § § § § § § § § § § <br><br> Civil Action No. 1:23-cv-00228 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendant MCLP Asset Company, Inc. ("MCLP" or "Defendant") files this notice of the removal of this action from the 428th Judicial District Court, Hays County, Texas. Defendant submits this Notice in support of its removal. Removal is based on the federal question jurisdiction and also on diversity jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1. On or about February 1, 2023, Plaintiff filed *Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures* (hereafter "Petition") in Cause No. 23-0263 in the 428th Judicial District Court, Hays County, Texas, styled *Lynn Scudder, acting under a power of attorney given by Ruby Jo Scudder v. MCLP Asset Company, Inc..* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in

the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to foreclosure proceedings on the real property located at 450 Shady Bluff Drive, Wimberley, Texas 78676 (the "Subject Property"). *See* Petition at ¶9.  In the Petition, Plaintiff asserts causes of action for (1) negligence; (2) violation of Texas Property Code Ann. §51; and (3) breach of contract. Plaintiff alleges Defendant did not have the right to post the Property for foreclosure because it failed to provide proper notice. For these alleged wrongs, Plaintiff seeks a temporary restraining order enjoining Defendant from proceeding with foreclosure, attorneys' fees, and cost of Court.  (*Id.* at Prayer).

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case was initially filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.     There is complete diversity among all properly joined parties.**

5.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and properly joined Defendant, and more than $75,000.00 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

**1.     Plaintiff and Defendant are diverse.**

6.      Plaintiff resides in and is a citizen of Texas.  (*See* Petition at ¶ 2).

7.      Defendant MCLP is a corporate entity. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).  MCLP is a corporation organized under the Laws of Delaware with principal offices at

200 West Street, New York, NY 10282. Therefore, MCLP is a citizen of the State of Delaware and New York for diversity purposes.

8. Because Defendant and Plaintiff are citizens of different states, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1).

**B.     The amount in controversy exceeds $75,000.00.**

**1.     Plaintiff's request for injunctive relief exceeds $75,000.00.**

9. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10. Plaintiff seeks a temporary restraining order and seeks an injunction prohibiting a foreclosure sale on the Property. (*See* Petition at Prayer). As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Hays County Central Appraisal District most recent valuation of the Property shows a total assessed value of the Property at

$464,883.00.  (Exhibits C, C-1.)  For this reason alone, the amount in controversy exceeds $75,000.00.

### 2. Attorneys' fees are included in the amount in controversy.

11. In addition to damages, Plaintiff seeks attorneys' fees. (*See Petition* at Prayer). Attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy.  *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect).  Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiffs' home mortgage loan).  For this reason alone, it is facially apparent from the Petition that Plaintiff's claims exceed the jurisdictional threshold.

12. Defendant categorically denies that Plaintiff is entitled to an award of damages in any amount, but there can be no question that Plaintiff's Petition places an amount in controversy that significantly exceeds $75,000.00.

### VENUE

13. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 428th Judicial District Court, Hays County,

Texas, the forum in which the removed action was pending.

## NOTICE

14. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 428th Judicial District Court, Hays County, Texas.

15. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## **List of all Counsel of Record**

<u>For Plaintiff:</u>

Robert C. Newark III
Texas Bar No. 24040097
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
(866) 250-7236
(888) 316-3398 - Fax
robert@newarkfirm.com

<u>For Defendant MCLP Asset Company, Inc.</u>

Mark D. Cronenwett
Texas Bar No. 00787303
Nicholas M. Frame
Texas Bar No. 24093448
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Copy of the Docket Sheet for Cause No. 23-0263 in the 428th Judicial District Court, Hays County, Texas;

Exhibit B   Pleadings in Cause No. 23-0263 in the 428th Judicial District Court, Hays County, Texas;

    B-1   Plaintiff's Original Petition, Application for Temporary Restraining Orde, Temporary Injunction, Permanent Injunction, and Request for Disclosures filed on February 1, 2023;

    B-2   Proposed Order, Received February 1, 2023;

    B-3   Temporary Restraining Order filed on February 6, 2023

Exhibit C   Declaration of Nicholas M. Frame; and

    C-1   Data Sheet from the Hays County, Texas Central Appraisal District web-site on February 9, 2023.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served via regular U.S. Mail on February 27, 2023, upon the following:

Robert C. Newark III
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
(866) 250-7236
(888) 316-3398 - Fax
robert@newarkfirm.com

                                           */s/Nicholas M. Frame*
                                         **NICHOLAS M. FRAME**