IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN SCUDDER, ACTING UNDER POWER OF ATTORNEY, GIVEN BY RUBY JO SCUDDER | § § § § | |
| Plaintiff, | § | Civil Action No. 1:23-cv-00228 |
| v. | § § § | |
| MCLP ASSET COMPANY, INC. | § § | |
| Defendant. | § § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND BRIEF IN SUPPORT**

COMES NOW, Defendant MCLP Asset Company, Inc. ("MCLP" or "Defendant") in the above styled action files this *Motion to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(6) and Brief in Support* and respectfully states as follows:

**I.  INTRODUCTION**

On or about February 1, 2023, Plaintiff filed *Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures* (hereafter "Petition"). The allegations in the Petition relate to foreclosure proceedings on the real property located at 450 Shady Bluff Drive, Wimberley, Texas 78676 (the "Subject Property").

**II. STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most

favorable to the plaintiff. *Id.* Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also* Fed. R. Civ. P. 8(b)(2).

## II.    ARGUMENT AND AUTHORITIES

### A. Plaintiff's Negligence claim is barred by the economic loss doctrine.

The economic loss doctrine precludes a plaintiff from recovering economic losses in tort cases when the loss is subject to contract claims. *Tarrant Co. Hosp. Dist. v. G.E. Automation Servs.*, 156 S.W.3d 885, 895 (Tex. App.—Fort Worth 2005, no pet.) (*citing Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). The economic loss doctrine is not an affirmative defense, but is a court-adopted rule to determine whether a party may recover in tort when the party's damages result from a contract with the defendant. *Tarrant Co. Hosp. Dist.*, 156 S.W.3d at 895. If the injury is purely economic and the subject of a contract, the action may only sound in contract. *Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 634 (N.D. Tex. 2010); *see also Polinard v. Homecomings Financial Network, Inc.*, No. SA-06-CA-1130 FB (NN), 2008 WL 557960, at *4 (W.D. Tex., Feb. 27, 2008) (allegations of breach of duty that relate to payments on the loan contract fail to raise a cause of action for negligence as a matter of law). To overcome the economic loss doctrine, a plaintiff must "establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim. *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 865 (5th Cir. 2013).

Here, Plaintiff's claim for negligence arises under the purported duties that Defendant allegedly owes to Plaintiff pursuant to the mortgage contract. (*See Petition* at ¶12) (alleging the duties violated are HUD regulations that are incorporated in the deed of trust). Further, Plaintiff has failed to allege any other relationship exists that would give rise to duties outside of the Note or Deed of Trust. (*See* generally, *id.*) Therefore, claims are barred by the economic loss doctrine and can sound only in contract. *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 129 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

### B. Plaintiff's Violations of Section 51.002 the Texas Property Code claim fails.

The elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011)(Fitzwater, J.)(*citing Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App. 2008, no pet.)). Texas law does not recognize a cause of action for attempted wrongful foreclosure. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 407 (5th Cir. 2017). Likewise, claims relating to a specific foreclosure sale date that had passed, including statutory notice violations of Section 51.002, become moot and should be dismissed. *See Wright v. First Nat'l Bank of Bastrop*, No. 03-12-00594-CV, 2013 Tex. App. LEXIS 4911, *9 (Tex. App—Austin Apr. 19, 2013, no pet.) (finding claims relating to a specific foreclosure sale date that had passed to be moot); *Denley v. Vericrest Financial, Inc.*, No. H-12-992, 2012 U.S. Dist. LEXIS 86060, 2012 WL 2368325, at *3 (S.D. Tex. June 21, 2012) (dismissing claims for violations of notice provisions of Section 51.002 because no foreclosure occurred).

Plaintiff's Section 51.002 claims are based upon a foreclosure sale date of February 7, 2023.  (*See Petition* at ¶7.)  However, this foreclosure sale date passed without a foreclosure taking place.  As a result, Plaintiff's claim based upon Section 51.002 is moot and should be dismissed.

**C.  Plaintiff's Breach of Contract claim fails.**

In order to establish a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiffs' damages. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.-Houston [1st Dist.] 2001, no pet.).

Plaintiff's breach of contract claim is based upon alleged violations of HUD regulations for failing to follow procedures prior to accelerating and foreclosing the loan.  (*See Petition* at ¶24.)  Plaintiff alleges that the breach has caused her to suffer harm by incurring additional charges on his loan balance and escrow account.  (*See id.* at ¶29.)

Plaintiff's allegations fail to state a claim for breach of contract.  First, Plaintiff's allegations fail to include any facts showing how Defendant's actions failed to comply with the above requirements—she merely concludes that they were.  (*See id.*)  Further, Plaintiff's allegations fail to establish how the claimed damages (charges on his loan balance and escrow account) could have possibly resulted from Defendant's alleged breach of the contract. (*See id.*)  As a result, plaintiff has failed to state a claim for breach of contract, and it must be dismissed. *Martone v. Robb*, 902 F.3d 519, 523 (5th Cir. 2018) (to state a plausible claim for relief, a plaintiff must allege facts demonstrating each element of a cause of action).

### D. Plaintiff is not entitled to injunctive relief because Plaintiffs' substantive claims are without merit.

In her Petition, Plaintiff claims she is entitled to Injunctive Relief. (*See Petition* at ¶¶ 35-47.) The law is clear that injunctive relief is an equitable remedy, not a cause of action, and should be dismissed when no substantive legal claims are pled. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 U.S. Dist. LEXIS 9405, 2013 WL 286250, at *9 (S.D.Tex. Jan. 24, 2013) (citations omitted); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 U.S. Dist. LEXIS 98779, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011) (where Plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits warranting injunctive relief). As argued above, Plaintiff's claims in their entirety are without merit. (*See Petition.*). Therefore, Plaintiff's requests for injunctive relief should be denied and dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff's Petition be dismissed with prejudice and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served via ECF Notification on February 27, 2023, upon the following:

Robert C. Newark, III
office@newarkfirm.com
robert@newarkfirm.com
1341 W. Mockingbird lane, Suite 600W
Dallas, TX 75247
*Counsel for Plaintiff*

                                                     */s/ Nicholas M. Frame*
                                                    **NICHOLAS M. FRAME**

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)    Page **6** of **6**
MWZM# 22-000023-409