IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN SCUDDER, ACTING UNDER POWER OF ATTORNEY, GIVEN BY RUBY JO SCUDDER, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-00228 |
| MCLP ASSET COMPANY, INC., | § § § | |
| Defendant. | § § § | |

PLAINTIFF'S MEMORANDUM RESPONSE TO
DEFENDANT'S MOTION TO DISMISS

A.  INTRODUCTION

1. Plaintiff is **LYNN SCUDDER, ACTING UNDER POWER OF ATTORNEY, GIVEN BY RUBY JO SCUDDER**; Defendant is MCLP ASSET COMPANY, INC.

2. Plaintiff is suing Defendant related to an attempted foreclosure sale.

B.  STATEMENT OF THE CASE

3. As security for a loan, Ruby Jo Scudder executed a Deed of Trust for property located at 450 Shady Bluff Drive, Wimberley, TX 78676.

4. Lynn Scudder is authorized to file this suit under the power of attorney issued by Ruby Jo Scudder.

5. On February 1, 2023, Plaintiff filed this lawsuit against Defendant to prevent a foreclosure sale and asserted causes of action in Negligence, Violation of Texas Prop. Code Ann. Ch 51, and Breach of Contract.

6.	Defendant has filed a Motion to Dismiss alleging Plaintiff has failed to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6).

7.	Plaintiff files this response asking the Court to deny Defendant's Motion.

### C.  STANDARDS OF REVIEW

8.	When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the Court accept as true all well-pleaded allegation in the complaint, and must liberally construe the complaint in a light most favorable to the plaintiff." *Scanlan v. Texas A & M Univ.*, 343 F. 3d 533, 536 ( 5th Cir. 2003), *In re: Katrina Canal Breach Lit.*, 495 F.3d 192, 205 (5th Cir. 2007), (quoting *Martin K. Eby Contr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of claim sowing that the pleader is entitled to relief."  The pleading standard Rule 8 does not require 'detailed factual allegations,' it only "demands more than 'labels and conclusions.'" *Iqbal*, 129 S.Ct at 1949 (quoting *Twombly*, 550 U.S. at 555).

9.	"A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Indeed, the Fifth Circuit has cautioned that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances." *See Collins*, 224 F.3d at 498; *Mahone v. Addicks Util. Dist. Of Harris County*, 836 F.2d 921, 926 (5th Cir. 1998).

A.	*The Defendant's Rule 12(b) (6) is Improper*

10.	Defendant misconstrues the purpose of Rule 12(b)(6).  In its motion, Defendant argues at length on the merits of the Plaintiff's allegations against it.  As noted above, the purpose of a Rule 12(b)(6) motion to dismiss is to test the pleadings against the requirements of Rule 8(a) that a pleading puts a defendant on notice of the claims being made against it.  Plaintiff's Complaint meets that standard.

11. Wright & Miller, Federal Practice and Procedure, 3d, Volume 5B, section 1357, pp. 685 – 690 address the issue of merits being argued and decided in a Rule 12(b)(6) motion:

> "Nor should the complaint be dismissed merely because the district court believes that the case is legally or factually doubtful or that it is unlikely that the plaintiff will prevail in the action on the merits. Whether the plaintiff ultimately can prevail on the merits is a matter property determined on the basis of proof, which means on a motion for summary judgment motion or at trial by the judge or a jury and not merely on the face of the pleadings."

In accordance with the numerous federal cases cited by Wright & Miller in the footnotes for the above quotes, including *Arthur H. Richland Co. v. Harper*, 302 F.2d 324, 326 (5th Cir. 1962), *Crass v. Outboard Marine Corp.*, 252 F.2d 690 (5th Cir. 1958), and *Stanaland. Atlantic Coast Line R.R.*, 192 F.2d 432 (5th Cir. 1951), Plaintiff believes that this Court should ignore Defendant's "merit" arguments in its 12(b)(6) motion and decide the motion on the standards set forth in *Hutchinson v. Brookshire Brother, Ltd., supra*.

12. Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted cannot be used to solve factual issues or the merits of the case. A motion to dismiss under Rule 12(b)(6) is not appropriate unless the Plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief. *See Tuchman,* 14 F.3d at 1607.

13. The Plaintiff's Original Petition clearly contains enough facts that, if proven, would entitle Plaintiff to relief request for a jury. In order to state a claim under Texas law, a Plaintiff need only provide sufficient allegations to plead each element of the claim and provide sufficient facts to give defendant – fair notice of the claim. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000). This fair notice inquiry looks to whether the party can understand the nature and basic issues of the controversy from the pleading, and what testimony may be relevant. *Id.*

14. Apparently disregarding Rule 8's low pleading threshold and the 5th Circuit's general disfavor of a Motion to Dismiss brought under F.R.C.P. 12(b)(6), Defendant is asking the Court to ignore well settled causes of actions and dismiss Plaintiff's claims. Defendant forwards this Motion in spite of a detailed recitation of the facts supporting them. Furthermore, in support of its Motion Defendant directly (and improperly) challenges the Plaintiff's well pled facts.

15. In short, Plaintiff's Original Petition is replete with allegations that Defendant has breached their contract under the Note and Deed and proceeded to attempt a foreclosure action on Plaintiff's property despite its knowledge of Plaintiff's effort to apply for a loan modification. Additionally, and as set forth more fully below, these allegations directly support Plaintiff's claim that Defendant breached their contract, violated the Texas Property and Finance Code, was negligent in filing foreclosure paperwork against Plaintiff's property and tried to collect a debt before responding to Plaintiff's attempt to cure.

16. The standard guiding a Motion to Dismiss under F.R.C.P. is clear and specific: the Motion does not serve to question Plaintiff's well pled facts. Rather, the Court must accept as true all well-pleaded allegations in the complaint, and must liberally construe the complaint in a light most favorable to the plaintiff. *See Scanlan*, 343 F.3d at 536.

17. Examining the Plaintiff's Original Petition under these guidelines, the only question is whether Plaintiff has plead colorable causes of action. As set forth below, the cause of action upon which Plaintiff's claims, based on statues under which they are brought, are well established under Texas legal authority.

### D. ARGUMENT AND AUTHORITY

A. *Plaintiff's Breach of Contract Claim is Well Plead*

18. Defendant claims that the Breach of Contract claims fail because of the Plaintiff's breach of contract. Plaintiff's claim is based on requirements in the Deed of Trust prepared by

Defendant in order to secure its interest in real property owned by the Plaintiff. The provisions only come into play when the Plaintiff defaults on the Deed of Trust. Defendant knew that when these provisions were in place. It seems contradictory to now for the Defendant to hide behind the Plaintiff's default as protection from their own make. Again, the allegations made by Plaintiff were based on Deed of Trust prepared by Defendant. Therefore, Plaintiff's claim is well plead and should be allowed to move forward.

  B. THE PLAINTIFF'S NEGLIGENCE CLAIMS DO NOT FAIL AS A MATTER OF LAW

In the instant case, the Plaintiff has plead enough facts in order to bring forth a claim in negligence. Defendant's duties include the requirement to the rights under default (paragraph 22 of the Deed of Trust).

The Defendant rests most of its argument on that the negligence claim is barred by economic loss. Under Texas Law, an individual cannot recover under a tort claim like negligence for a failure to perform contractual obligation. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). In order for a court to determine if a tort is merely a breach of contract claim, the court must determine (1) if the negligence is based on a claim created by contract or by law; and (2) if the injury is based on the contract itself. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998).

  C. PLAINTIFF WOULD SEEK LEAVE TO AMEND ANY CAUSE OF ACTION DISMISSED

Plaintiff would also request leave to amend any other cause of action which the Court determines should be dismissed. In addition, the Plaintiff should be able to rename the style of the case to show he is the independent executor of Ms. Pearce. This Court is permitted to grant leave to authorize the Plaintiff the right to amend the Complaint when justice so requires. FRCP Rule

15(a)(2).  As such, this Court should allow the Plaintiff leave to amend the Complaint for any cause of action that this Court would dismiss based on Defendant's Motion.

>Respectfully submitted,
>
>/s/ *Robert C. Newark*
>
>**Robert C. Newark**
>State Bar No. 24040097
>robert@newarkfirm.com
>1341 W. MOCKINGBIRD LANE, STE 600W
>DALLAS, TEXAS 75247
>(972)332-5733
>**(888)316-3398 (FAX)**
>**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, a true and correct copy of the foregoing and/or attached instrument was served electronically on all counsel of record through the Southern District of Texas CM/ECF filing System, and also as indicated below:

**Via E-mail:**
Nicholas Frame

>/s/Robert C. Newark, III
>Robert C. Newark, III

---

PLT'S RESP TO MOTION TO DISMISS                                                                    PAGE 6