IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN SCUDDER, ACTING UNDER POWER OF ATTORNEY, GIVEN BY RUBY JO SCUDDER | § § § § | |
| Plaintiff, | § | Civil Action No. 1:23-cv-000228-RP |
| v. | § § § | |
| MCLP ASSET COMPANY, INC. | § § § | |
| Defendant. | § | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant MCLP Asset Company, Inc. ("MCLP") files this its *Reply in Support of its Motion to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(6)* and respectfully states as follows:

### I. PLAINTIFF'S RESPONSE IS UNTIMELY

Defendant filed its Motion to Dismiss on February 27, 2023. [ECF No. 3]. Pursuant to Local Rule CV-7(d)(2), the response by Plaintiff Lynn Scudder, acting under power of attorney, given by Ruby Jo Scudder ("Plaintiff") was due 14 days later, on March 13, 2023. *Id.* Plaintiff did not file her Response until March 16, 2023. [ECF No. 8]. As Plaintiff's Response was untimely, Defendant's Motion to Dismiss is deemed to be unopposed and thus should be granted. LR CV-7(d)(2).

### II. PLAINTIFF SHOWS NO COLORABLE CLAIM IN HER RESPONSE

Alternatively, Plaintiff's Response nevertheless fails to demonstrate that she has pled a colorable claim.

### A. *No claim for breach of contract*

Defendant in its Motion to Dismiss showed that Plaintiff has failed to state a claim for breach of contract because her allegations of breach were conclusory and because she failed to plead that she suffered damages as a proximate result of these alleged breaches. *See ECF No. 3, pp.5-6.* In her Petition, Plaintiff merely alleges that Defendant did not follow HUD requirements before accelerating the debt. *ECF No. 1-1 at pp 5-6.* Plaintiff in her Response does not identify any facts to show how Defendant supposedly breached HUD regulations or how she suffered damages as a proximate result of this breach. *See ECF No. 8 at pp.4-5.*

It is well established that a mortgagor has no private right of action for a mortgagee's failure to comply with HUD regulations. See, e.g., *Klein v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 156099, 2014 WL 5685113, at *5 (W.D. Tex. Nov. 4, 2014) ("[HUD] regulations govern relations between the mortgagee and government, and give the mortgagor no claim for duty owed or for the failure to follow said regulations."); *Bassie v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 176863, 2012 WL 6530482, at *3 (S.D. Tex. Dec. 13, 2012) ("[P]laintiffs' breach of contract claim based on Bank of America's alleged failure to comply with regulations of [HUD] must be dismissed because those regulations, too, do not provide for a private cause of action.").

While Plaintiff asserts that the Deed of Trust incorporates the HUD regulations [*ECF No. 1-1 at p.3]* Plaintiff fails to plead which provision, if any, contains such alleged incorporation. *See Law v. Ocwen Loan Servicing, L.L.C.,* 587 F. App'x 790, 794 (5th Cir. 2014) ("The only possible source of this contention is the statement in the deed of trust that its provisions 'shall not limit the applicability of federal law to this Deed of Trust.'" Accordingly,

Plaintiff's breach of contract claim based on MCLP's alleged failure to comply with HUD regulations fails as a matter of law.

### B. *No claim for negligence*

Defendant in its Motion to Dismiss showed that Plaintiff's negligence claim was barred by the economic loss rule. For her negligence claim, Plaintiff claims that Defendant was negligent in its communication to her about the transfer of servicing rights and the availability of loss mitigation. *See ECF No. 1-1 at ECF pp.3-4*

Plaintiff offers little in her response and fails to allege any factual support to overcome the economic loss rule. Under the economic loss rule, claims for negligence will be found to sound in contract if, in them, the plaintiff merely seeks economic damages. *Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 634 (N.D. Tex. 2010); *see also Polinard v. Homecomings Financial Network, Inc.*, No. SA-06-CA-1130 FB (NN), 2008 WL 557960, at *4 (W.D. Tex., Feb. 27, 2008) (allegations of breach of duty that relate to payments on the loan contract fail to raise a cause of action for negligence as a matter of law). To overcome the economic loss doctrine, a plaintiff must "establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim. *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 865 (5th Cir. 2013).

Plaintiff in her Response does nothing to establish that, in her negligence claim, she is seeking anything other than the recovery of economic damages for an alleged breach of contract. Therefore, this negligence claim fails under the economic loss rule.

### C. *No claim for violations of Texas Property Code*

Plaintiff in her Petition claims that Defendant did not meet the requirements in the Texas Property Code for the acceleration of a residential mortgage loan. *See ECF No. 1-1 at ECF pp.5*.

Plaintiff does not respond to Defendant's motion to dismiss this claim. Therefore, Plaintiff does not dispute Defendant's argument and Plaintiff claim for violations of the Texas Property Code should be dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiffs' Petition be dismissed with prejudice and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By: _/s/ Nicholas M. Frame_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 23, 2023, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below:

Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Ste. 600W
Dallas, TX 75247

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**